**PING MEI GUO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–0016–ag**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey M. Cohen, Assistant United States Attorney (Michael J. Sullivan, United States Attorney), Boston, MA, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review and motion to stay removal are DENIED.

Ping Mei Guo petitions for review of the December 15, 2003, decision of the Board of Immigration Appeals ("BIA") denying her motion to reconsider and reopen her removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In the present case, the BIA denied Guo's motion to reconsider and reopen because it concluded (1) that the IJ made no errors of law in finding that Guo should have been able to supply corroborating documentary evidence, (2) that the IJ made no errors of law in focusing her analysis of credibility on inconsistencies which were material to Guo's claim and (3) that neither the evidence Guo presented at her asylum hearing nor the new evidence Guo presented with her motion established a prima facie case of eligibility for asylum or withholding of removal. These holdings were rational conclusions which were proper bases for denying the motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED and the outstanding motion for a stay of removal is DENIED.